18-392-cv
Shojae v. Harlem Hosp. Ctr. et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand nineteen.

PRESENT:  PIERRE N. LEVAL,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*,
          LEWIS A. KAPLAN,*
                    *District Judge*.

------------------------------------------------------------------

PARI SHOJAE,

       *Plaintiff-Appellant*,

      v.                                                    No. 18-392-cv

HARLEM HOSPITAL CENTER, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, SHAHNAWAZ KHAN, INDIVIDUALLY, and HINNAH FAROOQI,

---

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

INDIVIDUALLY,

*Defendants-Appellees.*†

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Jonathan A. Tand, John C. Luke, Jr., Tand & Associates, Westbury, NY.

FOR DEFENDANTS-APPELLEES HARLEM HOSPITAL CENTER, NEW YORK CITY HEALTH AND HOSPITAL CORPORATION, and HINNAH FAROOQI, INDIVIDUALLY: Claude S. Platton, Jane L. Gordon, and Ellen S. Ravitch, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

FOR DEFENDANT-APPELLEE SHAHNAWAZ KHAN: Shahnawaz Khan, pro se, Whitestone, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine Bolan Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED IN PART and VACATED AND REMANDED IN PART.

Pari Shojae appeals from a judgment of the District Court (Forrest, J.)

---

† The Clerk of Court is directed to amend the official caption as shown above.

granting summary judgment in favor of Shojae's former employer, the Harlem Hospital Center, its owner and operator, the New York City Health + Hospitals Corporation (collectively, "the Hospital"), and certain Hospital employees. Shojae claimed that the Defendants discriminated against her because of her gender, race, religion, and national origin, retaliated against her, and subjected her to a hostile work environment, in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2 et seq., the New York State Human Rights Law (NYSHRL), and the New York City Human Rights Law (NYCHRL). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

With respect to Shojae's hostile work environment claims and her disparate treatment and retaliation claims under federal and state law, upon review of the record on appeal, we affirm the judgment substantially for reasons stated by the District Court in its opinion and order of January 12, 2018. However, we vacate the dismissal of Shojae's NYCHRL discrimination claims against Khan and the Hospital, as well as the dismissal of her NYCHRL

retaliation claim.

As to Shojae's timely NYCHRL discrimination claims with respect to certain adverse actions, it appears that Shojae provided at least some admissible evidence that she was treated "less well" based on her gender, race, or national origin.[1] See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 110 (2d Cir. 2013) (quoting Williams v. N.Y.C. Hous. Auth., 872 N.Y.S.2d 27, 39 (1st Dep't 2009)). In particular, Shojae testified that Khan, while acting as her supervisor, altered the terms of Shojae's job, made derogatory comments to her about her gender, identity as a Shia Muslim, and Persian ethnicity, and openly favored employees of Pakistani origin. See App'x 453-54, 456-59, 498, 587-88. We therefore vacate the dismissal of Shojae's NYCHRL discrimination claims against Khan and the Hospital.[2]

---

[1] Summary judgment was properly granted in favor of Defendant-appellee Farooqi, as Shojae presented no admissible evidence of discrimination relating to Farooqi.

[2] We have not resolved whether the statute of limitations under the NYSHRL and NYCHRL is tolled while a complaint is pending with the Equal Employment Opportunity Commission. See Schneider v. Wal-Mart Stores, Inc., No. 16-cv-2010 (NSR), 2019 WL 294309, at *3-4 (S.D.N.Y. Jan. 23, 2019) (collecting cases and concluding that, while the Second Circuit has not yet decided the issue, there is a "clear trend" among district courts in this circuit that the filing of an EEOC charge tolls NYSHRL claims); Cameron v. N.Y.C. Dep't of Educ., No. 15-cv-9900 (KMW), 2018 WL 1027710, at

Because we vacate the dismissal of Shojae's NYCHRL claim of discrimination and remand to the District Court, and because we give the anti-retaliation provisions of the NYCHRL a construction as broad as the statute's anti-discrimination provisions, Mihalik, 715 F.3d at 109 ("[C]ourts must . . . constru[e] the NYCHRL's provisions broadly in favor of discrimination plaintiffs."), we also vacate the dismissal of Shojae's NYCHRL retaliation claim and remand to the District Court to determine in the first instance whether to exercise supplemental jurisdiction over that claim and the NYCHRL discrimination claim or to dismiss them without prejudice.

We have considered Shojae's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

*11 (S.D.N.Y. Feb. 21, 2018) (same, with respect to NYCHRL claims).   Of course, on remand, we leave it to the District Court to decide the tolling issue should it decide to exercise supplemental jurisdiction over the remaining claims under the NYCHRL.   28 U.S.C. § 1367(c).

5